IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWN MICHAEL MARTIN,                          6:11-cv-06420-HU

        Plaintiff,                                          ORDER

   v.

DR. DEWSNUP, et al.,

        Defendants.

HERNANDEZ, Judge

     Plaintiff, an inmate at Snake River Correctional Institution (SRCI), brings this civil rights action alleging that he was denied adequate medical treatment, subjected to excessive force, denied dry clothing, and retaliated against for using the grievance system. <u>See</u> Amended Complaint (#29) & Order (#33) (dismissing plaintiff's amended complaint in part). Currently before the court is plaintiff's fourth motion for a temporary restraining order (#118). Because plaintiff failed to satisfy the requirements for a temporary restraining order as set forth in Fed. R. Civ. P. 65(b)(1), the motion was treated as a request for a preliminary

1 - ORDER

injunction, and defendants were given the opportunity to file an opposition.  For the reasons set forth below, the motion is denied.

**STANDARDS**

A preliminary injunction is an equitable remedy for preserving rights and preventing irreparable injury until a final judgment can be issued in the case.  U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010); Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422-23 (9th Cir. 1984).  "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); Ashker v. Brown, 2013 WL 1701702 *2 (N.D. Cal. Apr. 18, 2013); see also De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945).

In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).  Mandatory injunctive relief, which extends well beyond maintaining the *status quo*, is particularly disfavored and should be denied unless the facts and law clearly favor the moving party.  Leigh v. Salazar,

677 F.3d 892, 902 (9th Cir. 2012); <u>Martin v. Int'l Olympic Comm.</u>,
740 F.2d 670, 675 (9th Cir. 1984).

"A federal court may issue an injunction if it has personal
jurisdiction over the parties and subject matter jurisdiction over
the claim; it may not attempt to determine the rights of parties
not before the court." <u>Zepeda v. U.S. Immigration Serv.</u>, 753 F.2d
719, 727 (9th Cir. 1985). In cases filed by prisoners involving
conditions of confinement, a preliminary injunction "must be
narrowly drawn, extend no further than necessary to correct the
harm the court finds requires preliminary relief, and be the least
intrusive means necessary to correct the harm." 18 U.S.C. §
3626(a)(2).

## **DISCUSSION**

Plaintiff seeks a mandatory preliminary injunction which
(1) prevents defendants from physically harming him; (2) prevents
defendants from seizing his legal property and materials needed to
complete motions and legal letters; and (3) restrains all
"defendants, their successors in office, agents and employees and
all other persons acting in concert with them," from escorting
plaintiff anywhere within SRCI without a video camera present.
Pltff's Motion for TRO (#118) and Declaration (#120).

Plaintiff's request for injunctive relief is based upon
conduct that is not the subject of the instant proceeding. Most of
the alleged conduct which forms the basis of plaintiff's motion

3 - ORDER

was carried out by non-defendants in 2013.  Hence, the allegations do not support a finding that plaintiff is likely to prevail on any of the claims set forth in his amended complaint.  See Devose, 42 F.3d at 471; Ashker, 2013 WL 1701702 *2.  In this regard, the court notes that the excessive force claim set forth in plaintiff's amended complaint is premised upon alleged assaults which occurred in 2010.  Plaintiff has made no showing that he is likely to succeed on that claim.  Although plaintiff now alleges that he was assaulted by Sergeant Brown on April 16, 2013, Sergeant Brown is not named as a defendant in this proceeding.[1]  Accordingly, injunctive relief is not warranted in response to the alleged conduct of Sergeant Brown.

Plaintiff also seeks injunctive relief prohibiting defendants from seizing his legal materials.  In support of this request, plaintiff alleges that his legal materials were initially seized by Sergeant Benitez upon plaintiff's transfer on February 20, 2013, from Two Rivers Correctional Institution to SRCI.  Plaintiff alleges that Sergeant Benitez explained to plaintiff that he was "over [his] limit of what [he is] allowed to have," that plaintiff must go through and select the materials he was being allowed to take, and that he could obtain the rest later.  Plaintiff's

_____

[1] Plaintiff also identifies Correctional Officer Payne as being present during the 2013 assault, but plaintiff affirmatively alleges that he is "unsure if Payne assaulted" him.

4 - ORDER

Declaration at 2.   Plaintiff complains that he was not able to obtain all of his materials until April 3, 2013, and that "some" of the materials were missing.   Additionally, plaintiff complains that the materials were again seized on April 16, 2013, and returned on April 20, 2013.

Plaintiff's allegations regarding his legal materials are unrelated to any of the claims in his amended complaint.   Further, with the exception of Judy Gilmore, the alleged seizure of plaintiff's legal materials was by correctional officials who are not named as defendants.   Defendant Gilmore is simply alleged to have advised plaintiff to contact the IMU Property Officer to obtain his legal materials.   Additionally, in light of plaintiff's allegations that the bulk of his legal materials has been returned, plaintiff has not demonstrated a likelihood that he will suffer irreparable injury in the absence of injunctive relief.

Finally, it is worthy of note that the Oregon Administrative Rules place limitations upon the quantity of legal materials a prisoner may possess in his cell.   OAR 291-117-0100.   Plaintiff has made no showing that correctional officials violated this rule, or that the rule is unconstitutional.   The public interest favors enforcement of an administrative rule which furthers prison security and fire prevention.   For all of these reasons, injunctive relief is not warranted.

///

5 - ORDER

**CONCLUSION**

Based on the foregoing, plaintiff's motion for a temporary restraining order and/or preliminary injunction (#118) is DENIED.

IT IS SO ORDERED.

DATED this ___20___ day of June, 2013.

Marco A. Hernandez
United States District Judge

6 - ORDER