IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWN MICHAEL MARTIN,

                     Plaintiff,

     v.

DR. DEWSNUP et al.,

                    Defendants.

No. 6:11-cv-06420-AC

ORDER

HERNÁNDEZ, District Judge:

Magistrate Judge Acosta issued a Findings and Recommendation [317] on December 30, 2015, in which he recommends that this Court deny in part and grant in part the motion for summary judgment filed by the twenty-four named defendants and eight Doe defendants (collectively, "Defendants") in this case. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Defendants filed timely objections to the Magistrate Judge's Findings & Recommendation. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the

1 - ORDER

Magistrate Judge's report.  28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Defendants object to only one of Judge Acosta's conclusions. According to Defendants, Judge Acosta erred in denying summary judgment on Plaintiff's claim of excessive force against Defendant Payne.

As Judge Acosta noted, the Eighth Amendment's prohibition against cruel and unusual punishment includes the prohibition of the use of excessive force by prison officials. <u>Martinez v. Stanford</u>, 323 F.3d 1178, 1183-84 (9th Cir. 2003). "'The unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" <u>Id.</u> (quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992)). In the context of quelling a prison disturbance "the question of whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." <u>Id.</u> (citations and quotation marks omitted). The Supreme Court in <u>Hudson</u> laid out five factors to be considered in making this determination: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. <u>Hudson</u>, 503 U.S. at 7. As for the first factor, the Court specifically instructed: "The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." <u>Id.</u> In other words, "the extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation, or instead evinced such wantonness with respect to the

unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Id. (internal quotation marks and citation omitted).

Here, Plaintiff alleges that Defendant Payne used excessive force when he choked Plaintiff and slammed his head into a brick wall when Plaintiff was in full restraints on September 19, 2010. Judge Acosta found that the following issues of material fact precluded summary judgment: (1) the parties disagree about what actually occurred on September 19, 2010, and (2) the parties disagree about what conduct, if any, prompted Defendant Payne to exercise force. F&R 32, ECF 317.

Defendants contend Judge Acosta erred because his Findings and Recommendation are silent as to whether or not the acts of Defendant Payne caused harm to Plaintiff. According to Defendants, Plaintiff's own evidence shows nothing more than a *de minimis* harm resulting from the use of force and, therefore, Defendants are entitled to summary judgment. Defs.' Obj. 2-3, ECF 320 (citing Pl.'s Ex. 359, ECF 189).

Defendants appear to confuse the requirement that Plaintiff show more than a *de minimis* use of force with a requirement that Plaintiff show more than a *de minimis* harm. It is well settled in the Ninth Circuit that "it is not the degree of injury which makes out a violation of the eighth amendment. Rather, it is the use of official force or authority that is 'intentional, unjustified, brutal and offensive to human dignity.'" Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991) (quoting Meredith v. Arizona, 523 F.2d 481, 484 (9th Cir. 1975)); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (clarifying that *de minimis* use of force and *de minimis* resulting injury are discrete concepts, and that only the first is relevant to Eighth Amendment analysis).

The three cases cited by Defendants merely show that a *de minimis* injury, combined with a reasonable use of force, fails to sustain an excessive force claim. In Mosley v. Dep't of Admin.

3 - ORDER

Servs., No. CIV. 06-874-AS, 2007 WL 2034303, at *6 (D. Or. July 9, 2007), the court found that Plaintiff failed to support his Eighth Amendment claim for excessive force because he only sustained a minimal injury and the court found that the defendant's use of force was justified by Plaintiff's behavior. Similarly, in Stephens v. Hublitz, No. CIV. 04-6102-AA, 2005 WL 762258, at *2 (D. Or. Apr. 5, 2005), the court found that Plaintiff's minor injuries were consistent with the amount of reasonable and justified force described by the defendants and evidenced by the videotape. Finally, in Hendershott v. Cook, No. CIV. 02-0083-HO, 2002 WL 32595359, at *2 (D. Or. Nov. 5, 2002) aff'd, 71 F. App'x 677 (9th Cir. 2003), the court concluded that, "given the circumstances" surrounding the incident and the plaintiff's minimal injury, the defendants' use of force was reasonable and "a valid measure applied in an effort to maintain or restore discipline," such that there was no constitutional violation.

In this case, genuine issues of fact exist as to what occurred on September 19, 2010 and why Defendant Payne used force. Those issues of fact are material to the Court's analysis of whether or not there was a need for force, whether the force used was reasonable, whether Defendant Payne reasonably perceived a threat, and whether any efforts were made to temper the severity of the forceful response. See Hudson, 503 U.S. at 6. These are issues of fact that ultimately must be resolved by a jury and, accordingly, Judge Acosta correctly denied Defendants' motion for summary judgment on Plaintiff's excessive force claim.

The Court has carefully considered Defendants' objection and concludes there is no basis to modify the Findings & Recommendation. The Court also reviewed the pertinent portions of the record de novo and finds no other errors in the Magistrate Judge's Findings & Recommendation.

CONCLUSION

The Court ADOPTS Magistrate Judge Acosta's Findings and Recommendation [317].

Accordingly, Defendants' Motion for Summary Judgment [280] is denied in part and granted in

part. Summary judgment is denied as to Plaintiff's claim for excessive force premised on the

September 19, 2010 altercation with Defendant Payne; Plaintiff's claim for unconstitutional

conditions of confinement based on Defendants Harris' and Freeman's alleged refusal to issue

Plaintiff dry clothes during the winter months of 2010 and 2011; and Plaintiff's First

Amendment retaliation claim against Defendant Palmer. The Court grants summary judgment to

Defendants on all other claims, including Plaintiff's claims against the Doe Defendants.

IT IS SO ORDERED.


DATED this ___14___ day of _____February_____, 2016.


_____
MARCO A. HERNÁNDEZ
United States District Judge

5 - ORDER